UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3B MEDICAL, INC.,

        Plaintiff,

v.

SOCLEAN, INC.,

        Defendant.

No. 1:19-cv-03545-KPF

### NOTICE REGARDING EXHIBIT 3 TO DEFENDANT'S MOTION TO DISMISS

    Plaintiff 3B Medical, Inc. writes to inform the Court about serious misconduct that bears on SoClean, Inc.'s pending Motion to Dismiss. In support of its request for dismissal, SoClean relies on a version of its user guide it submits as Exhibit 3 (the "May 2019 Guide") (ECF No. 47-3). The May 2019 Guide, which contains revisions that address 3B's allegations, post-dates 3B's lawsuit. SoClean, however, backdated the document to make it appear as if it predates this litigation and asks the Court to take judicial notice of the document and dismiss this case. This underhanded conduct amounts to fraud on the Court, for which 3B intends to seek sanctions but writes today to apprise the Court immediately because of its impact on the pending motion.

**I.    THE FALSIFIED DATE**

    3B's Amended and Original Complaints both discuss various representations (or lack thereof) in user guides available on SoClean's website, which show that SoClean misleads consumers about its use of ozone gas.[1] *See* Am. Compl. ¶¶ 94-95, 108(g)-(h), 139(b)-(c), 144(c)-(d) (ECF No. 42); *see also* Compl. ¶¶ 87-88, 104(g)-(h), 132(b)-(c), 137(c)-(d) (ECF No. 1). Those

---

[1] All of the user guide allegations date to the original complaint, when 3B conducted its pre-suit investigation and before the May 2019 Guide was available.

paragraphs refer to the 2014 and 2017 versions of the SoClean 2 user guide and the SoClean 2 Go user guide, which were available on SoClean's website at the time the lawsuit was filed. *See* Pl.'s Ex. A (2017 SoClean 2 User Guide); Pl.'s Ex. B (2014 SoClean 2 User Guide); Pl.'s Ex. C (SoClean 2 Go User Guide).

After 3B filed suit in April 2019, SoClean posted a revised user guide that contains additional information on ozone, including a section called "Your Health and Ozone Safety." *See* Def.'s Ex. 3 at 4; *see also id.* at 2-3. Despite posting that document in May 2019, SoClean dated it February 2019, making it appear that the document preceded this litigation. *Id.* at 1, footer (bearing the date stamp "2/22/19"). It does not; 3B is certain of this for three reasons. First, in an abundance of caution, 3B had SoClean's website forensically preserved between April 18 and May 3, 2019. Roller Decl. ¶ 2. The May 2019 Guide does not appear among the 742 webpages and PDFs (including seven versions of SoClean's user guides) collected at that time. *Id.* ¶¶ 3-4. Second, the document's URL shows that it was uploaded to SoClean's website in May—not February—of 2019. *Id.* ¶ 5 (noting URL of "https://www.soclean.com/wp-content/uploads/2019/05/soclean2_manual_v7_2019.pdf").[2] Third, 3B received a SoClean 2 shipped directly from SoClean the week of April 3, 2019, which arrived with the 2017—not 2019—version of its user guide. *Id.* ¶¶ 6-7. So the February 22 date is not actuate.

The backdating appears intended to deceive. No other version of SoClean's User Guide contains a similar footer with the date, including the otherwise graphically similar European Union User Guide. *See* Pls.'s. Ex. D (excerpt from E.U. user guide); *see also* Pls.'s. Exs. A-C. And the footer's unfinished appearance, which resembles a proof, stands in sharp contrast to the high-end

---

[2] Prior versions of SoClean's user guides employ the same upload-date URL-naming convention. *See* Roller Decl. ¶¶ 10-11.

graphic design that characterizes the May 2019 Guide. *See* Def.'s Ex. 3. These anomalies suggest that SoClean was unusually keen to include the February date on the May 2019 Guide. This leads to the inescapable conclusion that SoClean uploaded a backdated user guide to make it appear that its May 2019 Guide was in use prior to this lawsuit.

Subsequently, SoClean attached that document as Exhibit 3 to its Motion to Dismiss and repeatedly invokes it as grounds for dismissing this lawsuit. SoClean's Memorandum claims that Exhibit 3 is the document discussed in the Amended Complaint. *See, e.g.*, Def.'s Mem. at 14 (ECF No. 48) (urging the Court to "take judicial notice of [Exhibit 3] because it is referenced in the complaint" and stating that "SoClean's user manual, which is referred to in the Amended Complaint, includes an entire section on 'Your Health and Ozone Safety'"). But the Amended Complaint discusses the 2017, 2014, and SoClean 2 Go user guides, all of which fail to disclose SoClean's use of ozone. As SoClean could plainly see, six of the eight paragraphs referencing a user guide specify the version to which it refers. Am. Compl. ¶¶ 108(g)-(h), 139(b)-(c), 144(c)-(d). The two remaining paragraphs (Am. Compl. ¶¶ 94-95) contain direct quotes that do not appear in the May 2019 Guide. *Compare id.*, *with* Def.'s Ex. 3. So the document attached as Exhibit 3 is never referenced in the Amended Complaint.

And by necessary implication, SoClean's argument for dismissal suggests that Exhibit 3 was available to the public prior to this lawsuit because otherwise it would have no possible relevance to whether the Court should dismiss 3B's claims. Def.'s Mem. at 15 (arguing that "SoClean's user guide specifically refers to the use of ozone" and "[n]othing more is required" so "3B has therefore failed to plead a claim based on this alleged misrepresentation"); *see also id.* at 7 (acknowledging that Lanham Act only concerns "messages . . . placed in interstate commerce") (citation omitted).

This was not a mistake. SoClean would know when it began using the document. And the revisions were not a one-off effort easily forgotten. They were part of a post-filing overhaul of SoClean's website and Amazon listings that scrubbed many of the claims identified in 3B's lawsuit. Roller Decl. ¶ 7. And SoClean's discussion of the May 2019 Guide carefully avoids making express representations about when the document came into use (Def.'s Mem. at 14-15), suggesting that the company knows it is presenting a document that post-dates this litigation, but hoped no one would catch on.

## II.     THE CONDUCT IS EGREGIOUS

Taken together, the foregoing suggests an intentional effort to deceive the Court. The issue is compounded by the fact that SoClean urges the Court to "take judicial notice of this document because it is referenced in the complaint" and affirmatively relies on the document as grounds for dismissing the case. Def.'s Mem. at 14-15.

That 3B detected the fraud in no way mitigates SoClean's conduct. The backdated document was offered at the motion to dismiss stage, prior to any discovery being conducted and when the falsehood was least likely to be detected. If 3B had not retained a vendor to archive SoClean's website—which is not a step that plaintiffs ordinarily take—SoClean would have gotten away with it, or at least cast unwarranted doubt on 3B's allegations and character.

## III.    CONCLUSION

3B intends to move for sanctions under Rule 11 and the Court's inherent powers after providing SoClean with twenty-one days' notice. *See* Fed. R. Civ. P. 11(c)(2). Because the issue bears on SoClean's pending Motion to Dismiss, however, it was important to apprise the Court immediately.

DATED: December 2, 2019							Respectfully submitted,

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low (*pro hac vice*)
Michael von Klemperer (*pro hac vice*)
Amy M. Roller (*pro hac vice*)
**KOTCHEN & LOW LLP**
1745 Kalorama Road NW, Suite 101
Washington, DC 20009
Telephone: (202) 471-1995
dkotchen@kotchen.com
dlow@kotchen.com
mvk@kotchen.com
aroller@kotchen.com

*Attorneys for Plaintiff*