USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __11/2/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3B MEDICAL, INC.,

        Plaintiff,

    v.

SOCLEAN, INC.,

        Defendant.

No. 1:19-cv-03545

## STIPULATED PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any Discovery Material may designate as Confidential

documents containing material that consists of:

    (a)    previously nondisclosed material relating to ownership or control of any non-public company;

    (b)    any information of a personal or intimate nature regarding any individual including personal health information or sensitive personally identifiable information such as financial account numbers, social security numbers, home addresses, and similar type information typically defined as personally identifiable information;

    (c)    any other category of information that may properly be the subject of a protective order under Fed. R. Civ. P. 26; or

    (d)    any other category of information hereinafter given confidential status by the Court.

    3.    The person producing any Discovery Material may designate as Highly Confidential – Attorneys' Eyes Only documents containing material that consists of:

    (a)    Non-public or non-disclosed business plans; projections; product development; design or specification information; marketing plans; product testing; customer communications, plans, or contracts; and any other non-public information relating to current or potential products;

    (b)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins); or

    (c)    trade secrets.

The fact that a document is designated within the foregoing categories is not determinative of the appropriateness of the designation, and the receiving party retains all rights to challenge improper confidentiality designations pursuant to Paragraph 13.

4.       With respect to Confidential Discovery Material, the producing person or that person's counsel may designate such Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected Discovery Material that will not interfere with legibility.

5.       Interrogatory answers or other responses to written discovery shall be designated as Confidential or Highly Confidential – Attorneys' Eyes Only by means of a statement at the conclusion of each answer specifying the information that is Confidential or Highly Confidential – Attorneys' Eyes Only contained therein and on the front of any set of interrogatory answers or other written discovery response.

6.       During any deposition in which Confidential Discovery Material is discussed, counsel for any producing person may: (a) designate, on the record, the portions of the transcript that contain Confidential or Highly Confidential – Attorneys' Eyes Only Information, in which case the portions of the deposition so designated on the record shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only Information; or (b) designate in writing to Counsel for all Parties, within 14 calendar days of delivery of the final transcript, the transcript portions which are to be treated as Confidential or Highly Confidential Information.

7.       Nothing in this Order is intended to restrict or limit the use of Confidential Discovery Material at any hearing or trial.  However, nothing in this Order shall prevent any producing person from seeking an appropriate protective order to govern the use of such Confidential Discovery Material at a hearing or trial.

8.       If at any time prior to the trial of this action, a producing person realizes that Discovery Material that that person previously produced without limitation should be designated

as Confidential or Highly Confidential – Attorneys' Eyes Only, he may re-designate the Discovery Material by apprising all parties in writing and reproducing a copy of the Discovery Material with the appropriate confidentiality stamp. Such Discovery Material will thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed in accordance the seal procedure set forth in the Court's Individual Rules of Practice. The parties will use their best efforts to minimize such sealing.

10. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action;

(b) counsel retained specifically for this action, including any discovery vendor, paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) during a deposition, any current or former employee of the party who designated the material as Confidential, provided any former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;[1]

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

---

[1] To the extent a witness refuses to execute a Non-Disclosure Agreement, the parties shall meet and confer and seek relief from the Court as appropriate.

has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

11. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential – Attorneys' Eye Only to any other person whomsoever, except to:

(a) counsel retained specifically for this action, including any discovery vendor, paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(c) during a deposition, any current or former employee of the party who designated the material as Highly Confidential – Attorneys' Eyes Only, provided any former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) stenographers engaged to transcribe depositions conducted in this action; and

(f) the Court and its support personnel.

12. Prior to any disclosure of any Confidential Discovery Material to any person

referred to in subparagraphs 10(d), 10(e), or 11(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement.  In addition, prior to disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(f) or 11(d) who has been employed or consulted in the industry for CPAP machine cleaners in the prior four years, and after obtaining a signed Non-Disclosure Agreement, counsel shall disclose the name of the individual to opposing counsel, along with a copy of his/her current curriculum vitae (which must include a list of the companies and/or individuals that the individual has provided expert or consulting services for over the prior four years).  The counsel receiving the notice shall have five business days to object to disclosure to the expert or independent consultant. If objection is made, then the Parties must negotiate the issue in good faith before raising the issue with the Court.  If the Parties are unable to settle their dispute, then it shall be the obligation of the Party proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts that Parties have made to settle their dispute.  The Party objecting to disclosure may file an opposition with its arguments against disclosure.

13. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If agreement cannot be reached within a reasonable timeframe, the objecting party may engage the Court for a ruling on the dispute by sending a letter pursuant to the Court's Individual Rules of Practice.

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to

prevent the unauthorized or inadvertent disclosure of such material.

15. This Order constitutes the entry of an order pursuant to Federal Rule of Evidence 502(e) and is intended to be enforceable to the fullest extent that the Rules provide. If, in connection with this litigation, a person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

(a) In such circumstances, a disclosing person must promptly notify the person receiving the Inadvertently Disclosed Information that it was disclosed without intending a waiver by the disclosure.

(b) Upon notification, the receiving person must, unless it contests the claim of attorney-client privilege or work product protection, promptly notify the disclosing person that it will make best efforts to identify and return or delete the Inadvertently Disclosed Information and any reasonably accessible copies it has.

(c) If the receiving person contests the claim of attorney-client privilege or work product protection, the receiving person must move the Court for an Order compelling disclosure of the information claimed as unprotected. Such motions should be filed in accordance the seal procedure set forth in the Court's Individual Rules of Practice. The motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

(d) Pending resolution of the motion, the receiving person must not use the challenged information or disclose it to any person other than those required by law to be

        served with a copy of the motion.

(e)      The provisions of Federal Rule of Evidence 502(a) apply when the disclosing person uses or indicates that it may use information produced under this Order to support a claim or defense.

16.      If any person receiving Confidential Discovery Material is subpoenaed in another action or proceeding, served with a document demand, or otherwise requested to provide Confidential Discovery Material, the person receiving the subpoena, document demand, or request shall give written notice as soon as practicable to the producing person and shall, to the extent permitted by law, withhold production of the Confidential Discovery Material until any dispute relating to production is resolved.

17.      Within 60 days of the final disposition of this action and exhaustion of all appeals, all Discovery Material, including material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and all electronic and physical copies thereof, shall be promptly returned to the producing person or destroyed.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers (including exhibits), trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain material designated as Confidential Discovery or Highly Confidential – Attorneys' Eyes Only.  Any such archival copies shall remain subject to this Protective Order.  Counsel shall certify return or destruction in writing to the producing person.

18.      This Protective Order shall survive the termination of the litigation and will continue to be binding on all persons subject to this Order.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising

hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: November 1, 2021

By: /s/Daniel Kotchen
Daniel Kotchen (*pro hac vice*)
Daniel Low (*pro hac vice*)
**KOTCHEN & LOW LLP**
1918 New Hampshire Avenue, NW
Washington, DC 20009
Telephone: (202) 471-1995
dkotchen@kotchen.com
dlow@kotchen.com

*Attorneys for Plaintiff*

/s/Colin Cabral
Colin Cabral
Michael Hackett (admitted *pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel: (617) 526-9600
Fax: (617) 526-9899
ccabral@proskauer.com
mhackett@proskauer.com

*Attorneys for Defendant*

SO ORDERED.

Dated:

__11/2/2021__

_____
Victor Marrero
U.S.D.J.

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 3B MEDICAL, INC., <br><br>          Plaintiff, <br><br>     v. <br><br> SOCLEAN, INC., <br><br>          Defendant. | No. 1:19-cv-03545 |

**<u>NON-DISCLOSURE AGREEMENT</u>**

      I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material that have been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it or destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                                              _____